**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN LEE RICHES, ) | No. C 07-5871 MJJ (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| EXXON VALDEZ, et al., ) | |
| Defendants. ) | |

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint against the Exxon Valdez, Exxon Mobil Corp., Captain Joseph Hazelwood, Juan Valdez and several other oil companies.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of

G:\PRO-SE\MJJ\CR.07\riches26.dsm.wpd

1 the complaint's factual allegations and dismiss as frivolous those claims whose factual
2 contentions are clearly baseless.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992).
3 Examples are claims describing fantastic or delusional scenarios with which federal district
4 judges are all too familiar.  See Neitzke v. Williams, 490 U.S. 319, 328 (1989).  To pierce the
5 veil of the complaint's factual allegations means that a court is not bound, as it usually is
6 when making a determination based solely on the pleadings, to accept without question the
7 truth of the plaintiff's allegations.  See Denton, 504 U.S. at 32.  A finding of factual
8 frivolousness is appropriate when the facts alleged rise to the level of the irrational or the
9 wholly incredible, whether or not there are judicially noticeable facts available to contradict
10 them.  See id. at 32-33.

11    Plaintiff seeks a restraining order against defendants to prevent them from selling gas
12 and oil "east of the Mississippi."  Plaintiff alleges that defendants are in a "conspiracy with
13 OPEC" to raise oil prices "by crashing the Exxon Valdez into Texas coast refineries on New
14 Years 2008."  Plaintiff states that he fears "oil will fill my cell up and drown me and kill all
15 vegetation around me."  Plaintiff alleges that Exxon's market manipulation and price gouging
16 "affects my future parole date and can manipulate my probation officer to violate me for
17 nothing cause he/she is under the influence of gas toxins."  As plaintiff's allegations are
18 clearly baseless, irrational or wholly incredible, the complaint will be dismissed as frivolous
19 under sections 1915A and 1915(e)(2).

20    For the foregoing reasons, this action is DISMISSED.
21    The Clerk shall close the file.
22    IT IS SO ORDERED.
23 DATED:  12/18/07      _____
                          MARTIN J. JENKINS
24                        United States District Judge

G:\PRO-SE\MJJ\CR.07\riches26.dsm.wpd        2